UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JIMMY HINDMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-CV-155-DCLC-CHS |
| | ) |
| JOHN DOE, ANGELA OWENS, | ) |
| FEDERAL BUREAU OF PRISONS, KEN | ) |
| HYDE, AND F.C.1. PRISON IN | ) |
| MEMPHIS, TENNESSEE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, a former prisoner of Federal Correctional Institute, Memphis ("FCI Memphis") has filed a pro se complaint under the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) arising out of an incident during his FCI Memphis confinement [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1].

For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and the Court will **TRANSFER** this action to the Western Division of the United States District Court for the Western District of Tennessee, which is the proper venue for Plaintiff's claims.

I.  **MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is currently incarcerated, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial

partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).  Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy.  This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

II.     VENUE

As set forth above, Plaintiff's complaint asserts claims arising out of an incident during his incarceration in FCI Memphis [Doc. 1].  The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3). FCI Memphis is in Shelby County, Tennessee, which lies within the Western Division of the United States District Court for the Western Division of Tennessee. 28 U.S.C. § 123(c)(2). The Court therefore concludes that the proper venue for this case is the Western Division of the Western District of Tennessee. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties). A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a).

Accordingly, the Clerk will be **DIRECTED** to transfer this action to the Western Division of the Western District of Tennessee, and to close this Court's file.

## III.  CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy; and

5. The Clerk will be **DIRECTED** to transfer this action to the Western Division of the Western District of Tennessee, and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**ENTER:**

s/Clifton L. Corker
United States District Judge

4