## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| JIMMY HINDMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    No. 2:22-cv-02466-SHM-tmp |
| v. | ) |
| | ) |
| OFFICER JOHN DOE, ET. AL, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## ORDER DENYING MOTION TO APPOINT THE UNITED STATES MARSHALS SERVICE TO SERVE SUMMONS AND THE COMPLAINT (ECF NO. 8)

On June 14, 2022, Plaintiff Jimmy Hindman filed: (1) a motion for leave to proceed *in forma pauperis* (ECF No. 1); and (2) a *pro se* complaint seeking to invoke federal jurisdiction under 28 U.S.C. § 1331 to assert claims under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971) (ECF No. 2). On July 19, 2022, the United States District Court for the Eastern District of Tennessee granted leave to proceed *in forma pauperis* and transferred the case to this Court pursuant to 28 U.S.C. § 1406(a). (ECF Nos. 4-5.)

When Hindman filed his complaint, he was confined at the United States Medical Center For Federal Prisoners (the "MCFP"), in Springfield, Missouri. (ECF No. 2 at PageID 8; ECF No. 2-3 at PageID 33.) Hindman remains confined at the MCFP. (*See* https://www.bop.gov/inmateloc/ (last accessed June 9, 2023).)

On November 7, 2022, Hindman filed a "motion to appoint the U.S. Marshals to serve the summons and complaint … on all Defendants."  (ECF No. 8 (the "Motion").)  The Court construes the Motion as a request to serve process pursuant to 28 U.S.C. § 1915(d).[1]

The relief Hindman seeks is not available at this time in the case.

The complaint's allegations under *Bivens* (*see* ECF No. 2) must survive screening pursuant to the Prison Litigation Reform Act (the "PLRA"), *see* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), before Hindman can serve summons and the complaint on the Defendants pursuant to § 1915(d). *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity").  The complaint has not yet been screened pursuant to the PLRA.  The Motion is premature.  Service of summons and the complaint at this time in the case would violate the PLRA.  The Motion (ECF No. 8) is DENIED.

IT IS SO ORDERED this 9th day of June, 2023.

/s/ *Samuel H. Mays, Jr.*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] "The officers of the court shall issue and serve all process, and perform all duties in such cases.  Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases."  28 U.S.C. § 1915(d).