UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JIMMY HINDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:22-cv-02466-SHM-tmp |
| | ) | |
| OFFICER JOHN DOE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DIRECTING THE CLERK TO MODIFY THE DOCKET; DISMISSING THE COMPLAINT (ECF NO. 2) WITH PREJUDICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 10) AS MOOT; DENYING RENEWED MOTION TO HAVE U.S. MARSHAL SERVICE SERVE SUMMONS (ECF NO. 11) AS MOOT; RECOMMENDING STRIKE; CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On June 14, 2022, Plaintiff Jimmy Hindman, an inmate incarcerated at the Medical Center/Federal Prisoners in Springfield, Missouri ("MCFP Springfield"), filed a *pro se* complaint under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971) (ECF No. 2) and a motion for leave to proceed *in forma pauperis* (ECF No. 1) in the United States District Court for the Eastern District of Tennessee. On July 19, 2022, that court granted leave to proceed *in forma pauperis* and transferred the case to this Court. (ECF No. 5.)

On November 7, 2022, Hindman filed a motion to appoint the United States Marshal Service to serve summons and complaint. (ECF No. 8 (the "First Service Motion").) On June 9, 2023, the Court denied Hindman's First Service Motion because the complaint had not been screened under the Prison Litigation Reform Act (the "PLRA"), *see* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). (ECF No. 9 at PageID 15.)

On June 27, 2023, Hindman filed a motion to appoint counsel. (ECF No. 10 (the "Motion to Appoint Counsel").) On October 27, 2023, Hindman filed a second motion for the United States Marshal Service to serve summons. (ECF No. 11 (the "Second Service Motion").)

Hindman's sues four defendants: (1) Officer John Doe, a federal prison guard at the Federal Correctional Institution in Memphis ("FCI Memphis"); (2) Angela Owens, Warden at FCI Memphis; (3) the Federal Bureau of Prisons ("BOP"); and (4) Ken Hyde, the Assistant Director of the Office of the BOP.[1] (ECF No. 2 at PageID 7-8.) Hindman seeks ten million dollars ($10,000,000.00) as compensation for "Personal near 'Death' Damages". (*Id.* at PageID 9-10 [emphasis in original].)

The complaint, the Motion to Appoint Counsel, and the Second Service Motion are before the Court.

I.  **BACKGROUND**

Hindman alleges he suffered respiratory distress on June 12, 2021, when the defendant John Doe prison guard sprayed excessive amounts of pepper spray on a nearby prisoner. (ECF No. 2 at PageID 10.) Hindman alleges he was close to death, his heart stopped and he did not have a pulse for five minutes, and he suffered broken ribs. (Id. at PageID 9-10.) According to Hindman's complaint, medical personnel arrived after about fifteen (15) minutes, took him to the prison medical hospital, and transported him by ambulance to Regional One Hospital in Memphis, Tennessee, where Hindman "spent '35' minutes in critical care" and three (3) days in the hospital

---

[1] Plaintiff has listed the Warden as "Angla Owens." The Clerk is DIRECTED to modify the docket to reflect the Warden's name as "Angela" Owens. The Clerk has inadvertently docketed "F.C.I. Prison in Memphis, Tenn", a phrase Hindman uses to describe the office and place of employment of defendant Owens (*see id*. at PageID 8) as a fifth Defendant. The Clerk is DIRECTED to modify the docket to remove "F.C.I. Prison in Memphis, Tenn" as a Defendant.

on a "breathing machine" with "[n]eedles stuck in his arms and [h]ands, '6 or 7' times a day". (*Id.* at Page ID 10-11, 13, 14.)

Hindman alleges the defendant John Doe prison guard's "knowing[], [r]eckless[], [e]xcessive[] and [i]r-responsibl[e]" use of pepper spray constituted a "felonious[] assault" on Hindman. (*Id.* at PageID 12.) He alleges his sister made numerous calls to the prison to inquire about him, and that prison officials hung up on the calls and lied to her that they did not know Hindman's whereabouts. The prison eventually supplied the information only after his sister's Congressman inquired. (*Id*. at PageId 17-18.) Hindman alleges the three defendant officials (Doe, Owens, and Hyde) violated Hindman's Fifth, Eighth, and Fourteenth Amendment rights. (*Id.* at PageID 8.)

## II.     JURISDICTION

Twenty-eight U.S.C. § 1331 grants the federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1331 requires that complaints allege claims under the U.S. Constitution or some federal law providing for a federal right of action.

Hindman alleges that his claims arise under *Bivens*. (ECF No. 2 at PageID 8.) "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *See Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

Because Hindman is a prisoner in federal custody suing BOP officials for constitutional violations, the Court has jurisdiction to consider his claims under *Bivens*.

### III. <u>LEGAL STANDARD</u>

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Even though Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383

(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  However, p*ro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

**IV.      REQUIREMENTS TO STATE A CLAIM UNDER *BIVENS***

*Bivens*, 403 U.S. 388, provides certain rights of action against federal employees who violate an individual's rights under the United States Constitution.  The United States Supreme Court has "explicitly recognized" only one context "in which a private right of action may be brought against federal officials" for violation of a prisoner's constitutional rights under *Bivens*, an action "under the Eighth Amendment for failing to provide adequate medical treatment to a prisoner."[2]  *Patton v. Blackburn*, No. 21-5995, 2023 WL 7183139, at *2 (6th Cir. May 2, 2023) (citing *Carlson v. Green*, 446 U.S. 14, 19 (1980)); *see also Koprowski v. Baker*, 822 F.3d 248, 252 (6th Cir. 2016) (the Inmate Accident Compensation Act, 18 U.S.C. § 4126(c), does not displace prisoner's *Bivens* right of action for denial of constitutionally adequate medical care under the Eighth Amendment).

If a prisoner's *Bivens* claim presents a new context that is different than an established *Bivens* right of action, the claim should not be recognized if "special factors" demonstrate that

---

[2]  The two other contexts that the Supreme Court has recognized for *Bivens* claims do not apply to prisoner civil rights claims:  (1) Fourth Amendment claims for unreasonable search and seizure of a private citizen's residence; and (2) Fifth Amendment due process claims for gender discrimination.  *Patton*, 2023 WL 7183139, at *2 (citing *Bivens*, 403 U.S. 388, and *Davis v. Passman*, 442 U.S. 14, 19 (1980)).

Congress is better equipped than the Judiciary to "weigh the costs and benefits of allowing a damages action to proceed." *Id*. (citing and quoting *Egbert v. Boule*, 596 U.S. 482, 491 (2022) [internal quotation marks omitted]).  Expanding the scope of *Bivens* is a "disfavored" judicial activity. *Id*. (citing *Ziglar v. Abbasi*, 582 U.S. 120, 137 (2017)); *see also Koubriti*, 593 F.3d at 466 (*Bivens* may provide a cause of action if there are "no special factors counseling against recognizing the cause of action"); *Callahan v. Federal Bureau of Prisons*, 965 F.3d 520, 524-25 (6th Cir. 2020) (applying special factors analysis in declining to recognize a *Bivens* right of action for a prisoner's claim his First Amendment rights were violated).

V. **DISCUSSION**

A. **Claims Against The BOP**

A prisoner "may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001).  *Bivens* claims against the United States and federal agencies are barred by sovereign immunity. *Franklin v. Henderson,* No. 00–4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); *Fagan v. Luttrell,* No. 97–6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000); *Miller v. Fed. Bureau of Investigation,* No. 96–6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a *Bivens* action against a federal agency for damages").  As an agency of the United States government, the BOP is part of the United States and, therefore, entitled to immunity from suit. *See United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).  A suit under *Bivens* may be brought only against individual officers for certain constitutional violations.

Hindman's claims against the BOP are DISMISSED WITH PREJUDICE because the BOP, as an agency of the United States, is not a proper defendant in a *Bivens* action.

6

### B. Claims Against The Individual Defendants

Hindman alleges that the John Doe prison guard used excessive force in spraying excessive amounts of pepper spray on a nearby prisoner, causing Hindman to suffer respiratory distress requiring hospitalization. (ECF No. 2 at PageID 10.) Hindman does not allege any specific actions by Defendants Owens or Hyde.

#### 1. Official Capacity Claims

Because Hindman's complaint does not allege the capacity in which he sues the individual Defendants (*see* ECF No. 2), Hindman's claims against them are treated as official capacity claims.[3] Official capacity claims are treated as claims against the United States. As explained *supra*, the doctrine of sovereign immunity bars Hindman's claims against the United States. *See Brown v. Holdener*, 67 Fed. App'x 288, 290 (6th Cir. 2003) (citing *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002) and *Wells,* 891 F.2d at 593–94); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 115–16 (6th Cir. 1988) (per curiam) ("Insofar as this is an action against the defendants in their official capacities, the district court properly concluded that the suit is barred by the doctrine of sovereign immunity").

The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States, such as employees or officials of the BOP, as defendants. *See FDIC v. Meyer,* 510

---

[3] A *Bivens* action, based on alleged constitutional violations by federal officials, may be brought against federal officers in their individual capacities. *See, e.g., Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 509 (2d Cir. 1994); *see also Randall v. United States,* 95 F.3d 339, 345 (4th Cir. 1996). To plausibly state a *Bivens* claim, "a plaintiff must plead that each Government-official defendant, through the official's individual actions, has violated the Constitution" in a manner that can be vindicated under *Bivens*. *See Himmelreich v. BOP*, No. 11-3474, 2012 WL 13226685, at *2 (6th Cir. May 7, 2012) (citing *Iqbal*, 556 U.S. at 676); *Nuclear Transp. & Storage v. United States,* 890 F.2d 1348, 1355 (6th Cir. 1989) (complaints asserting a *Bivens* cause of action are subject to the same heightened pleading requirements applied to claims under § 1983). Hindman fails to allege that the individual Defendants violated the Constitution in their individual capacities. (*See* ECF No. 2 at PageID 8.)

U.S. 471, 484–86 (1994) (because an action against a federal agency, such as the BOP or federal officers in their official capacities, is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived)). Because "the real party in interest in an official-capacity suit is the entity represented and not the individual officeholder," *Bivens* does not permit suits against government employees in their official capacities. *Himmelreich*, 2012 WL 13226685, at *1 (citing *Karcher v. May*, 484 U.S. 72, 78 (1987) and *Corr. Servs.*, 534 U.S. at 72 ("With respect to the alleged constitutional deprivation, [the plaintiff's] only remedy lies against the individual")). Hindman's complaint seeks monetary relief from defendants who are immune from suit in their official capacities. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii) & 1915A(b)(2). Hindman's official capacity claims against the individual Defendants under *Bivens* fail as a matter of law.

### 2. **Hindman Fails To State A *Bivens* Claim**

Hindman alleges Doe, Owens, and Hyde violated his Fifth, Eighth, and Fourteenth Amendment rights. (ECF No. 2 at PageID 8.) Hindman repeatedly invokes the Eighth Amendment's prohibition against cruel and unusual punishment. (*Id.* at PageID 7, 9, 12-16.) The Court construes Hindman's claim to allege an excessive use of force in violation of the Eighth Amendment. (*Id.* at PageID 13-16.) *See Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010) (excessive use of force prohibited by Eighth Amendment's right to be free from cruel and unusual punishment). The Sixth Circuit's opinion in *Patton* explicitly rejected a *Bivens* right of action for excessive use of force under the Eighth Amendment. 2023 WL 7183139, at *3.

Hindman includes the Fifth Amendment in his claims that his constitutional rights have been violated, but does not describe any specific violation of his rights under the Fifth Amendment, which provides that no person shall be deprived of life, liberty, or property without due process of

8

law. (*See id*. at PageID 7, 9, 10.) "To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Spearman v. Whitmer*, No. 21-1182, 2021 WL 7162075, at *2 (6th Cir. Nov. 10, 2021) (citation and internal quotation marks omitted) (affirming dismissal of a *pro se* prisoner complaint because it contained insufficient factual allegations to state a plausible claim for relief). Hindman fails to state a factual basis for any plausible *Bivens* claim based on his Fifth Amendment due process rights. A Fifth Amendment *Bivens* claim has not been explicitly recognized, *see Patton*, 2023 WL 7183139, at *2, and the Court cannot perform a special factors analysis because Hindman has not stated a plausible basis for a Fifth Amendment claim. *See Spearman*, 2021 WL 7162075, at *2; *see also Koprowski*, 822 F.3d at 260 (affirming dismissal of *Bivens* claim based on alleged Fifth Amendment violations because the prisoner did not explicitly address the claims in his appeal); *Xi v. Haugen*, 68 F.4the 824, 841 (3d Cir. 2023) (declining to perform a *Bivens* special factors analysis about an alleged violation of Fifth Amendment rights because plaintiff's conclusory allegations were insufficient to demonstrate a plausible entitlement to relief).

Hindman's citations to the Fourteenth Amendment (ECF No. 2 at PageID 8, 9) are inapplicable. The Fourteenth Amendment applies Federal constitutional protections to the states. *E.g., Mapp v. Ohio*, 367 U.S. 632, 655-656 (1961). Hindman is not suing any state or local official.

For all of these reasons, Hindman's *Bivens* claims against Defendants Doe, Owens, and Hyde are DISMISSED WITH PREJUDICE.

## VI.     AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other

circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

Amendment is denied because it would be futile.

## VII. THE MOTION TO APPOINT COUNSEL

Hindman seeks appointment of counsel because: (1) he believes he is entitled to redress; (2) he is unable to pay a reasonable attorney fee because of his poverty; and 3) he has "made diligent efforts to obtain legal counsel, but because of [his] poverty [he] has been unable to secure same". (ECF No. 10 at PageID16.)

Hindman's Motion to Appoint Counsel (ECF No. 10) is DENIED as moot.

## VIII. THE SECOND SERVICE MOTION

The Court construes Hindman's Second Service Motion as a request to serve process pursuant to 28 U.S.C. § 1915(d).[4]

---

[4] "The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(d).

10

Hindman's Motion to Appoint Counsel (ECF No. 10) is DENIED as moot.

## IX. APPELLATE ISSUES

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court considers whether an appeal by Aguirre would be taken in good faith. *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Under Rule 24(a), if the District Court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization. There is an exception when the District Court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." Fed. R. App. P. 24(a)(3)(A). If the District Court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis*." *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)). For the reasons the Court dismisses Hindman's complaint for failure to state a claim, the Court finds that an appeal would not be taken in good faith. The Court therefore CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that any appeal by Hindman would not be taken in good faith. The Court DENIES leave to proceed on appeal *in forma pauperis*. If Hindman appeals, he must pay the full appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

## X.    <u>NOTICE OF STRIKE RECOMMENDATION</u>

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Hindman's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

## XI.    <u>CONCLUSION</u>

For the reasons explained above:

A.    The complaint (ECF No. 2) is DISMISSED WITH PREJUDICE in its entirety for failure to state a claim for relief under *Bivens* as a matter of law. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).

B.    Hindman's Motion to Appoint Counsel (ECF No. 10) is DENIED as moot.

C.    Hindman's Second Service Motion (ECF No. 11) is DENIED as moot.

IT IS SO ORDERED this 23rd day of February, 2024.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE